IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF COLORADO   UNITED STATES DISTRICT COURT
'~ER, COLORADO

Civil Action No. 06-cv-00871-BNB

**MAY 25 2006**

HAROLD GRAHAM,

GREGORY C. LANGHAM
CLERK

Applicant,

v.

DISTRICT COURT, County of Park, 11th Judicial District, State of Colorado, and
DISTRICT ATTORNEY'S OFFICE, 11th Judicial District, County of Park, State of
   Colorado,

Respondents.

_____

## ORDER AND JUDGMENT OF DISMISSAL

_____

Applicant Harold Graham has filed *pro se* an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. The Court must construe the application liberally

because Mr. Graham is representing himself. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the

reasons stated below, the application will be denied and the action will be dismissed.

Mr. Graham alleges that he is a pretrial detainee awaiting trial scheduled to

begin on June 13, 2006, in Park County District Court on pending criminal charges for

failure to register as a sex offender pursuant to Colo. Rev. Stat. § 16-22-103(1)(a) and

(c). He apparently thinks that he cannot obtain a fair trial in Park County. In the instant

action he asks that this Court stay the state proceedings.

Absent extraordinary or special circumstances, federal courts are prohibited from

interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995).  To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate.  *See Younger*, 401 U.S. at 46.  The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Graham does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing state court criminal proceedings.  The fact that a criminal defendant will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).  If Mr. Graham ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial."  *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).  Mr. Graham does not appear to claim that his speedy trial rights have been violated.  To the extent Mr. Graham may be asserting a speedy trial claim, the Court has jurisdiction only if the prisoner is in custody and has satisfied the exhaustion requirement.  *See Capps v.*

2

*Sullivan*, 13 F.3d 350, 353-54 (10th Cir. 1993).

> Whether exhaustion requires the petitioner to stand for trial
> prior to habeas corpus relief depends upon the nature of the
> remedy sought.  [An] attempt to dismiss an indictment or
> otherwise prevent a prosecution . . . is normally not
> attainable by way of pretrial habeas corpus; but an attempt
> to force the state to go to trial may be made prior to trial,
> although state remedies must still be exhausted.

*Id.* at 354 (internal quotation marks omitted).

To the extent Mr. Graham seeks as relief to have the criminal charges pending

against him dismissed, he is seeking to prevent the prosecution of his criminal case and

not merely to force the state to bring him to trial.  Because such relief is not available in

this court in this action, the application will be denied.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

dismissed without prejudice.  It is

FURTHER ORDERED that judgment is entered in favor of Respondents and

against Applicant.

DATED at Denver, Colorado, this **24** day of _____*May*_____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**


Civil Action No.  06-cv-00871-BNB

Harold Graham
104 Anderson Road
Bailey, CO 80421


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___*5-25-06*___

GREGORY C. LANGHAM, CLERK


By:_____

Deputy Clerk